IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WINDELL McCLAIN                                                                 PETITIONER

v.                                   NO. 2:07CV00007 JLH/HDY

LARRY NORRIS, Director of the                                                   RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, Arkansas 72201-3325

## RECOMMENDATION

The record reflects that petitioner Windell McClain ("McClain") was convicted by a Desha County, Arkansas, Circuit Court jury of aggravated robbery. On the heels of his conviction, he was sentenced as an habitual offender to a term of life imprisonment in the custody of respondent Larry Norris ("Norris").

McClain appealed his conviction to the Arkansas Supreme Court. His conviction was affirmed when the state Supreme Court found no reversible error. On March 29, 2005, the state Supreme Court mandate was issued.

On March 28, 2005, or one day <u>before</u> the state Supreme Court mandate was issued, McClain filed a state petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. His attempt to obtain post-conviction relief from the trial court proved unsuccessful when his petition was dismissed.

McClain appealed the dismissal of his state petition for post-conviction relief to the state Supreme Court. During the course of his appeal, he filed motions to supplement the record and for an extension of time. The state Supreme Court used the occasion of his submissions to dismiss his appeal, specifically finding the following:

> ... Because we find that the petition filed in the trial court was untimely, we dismiss the appeal and hold the motions moot. This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. [Citations omitted].

>[McClain] filed the Rule 37.1 petition before the mandate following affirmance of the judgment was issued.  As a result, the trial court did not have jurisdiction to consider the merits of the petition.  A petition under Criminal Procedure Rule 37.1 must be filed <u>after</u> the mandate is issued because, when a judgment is appealed, the circuit court does not regain jurisdiction over the case until that event occurs.  [Citations omitted].

<u>See</u> <u>McClain v. State</u>, 2006 WL 137225 at 1 (January 19, 2006) (emphasis in original).  On February 16, 2006, state appellate court denied McClain's motion for reconsideration.[1]

On January 19, 2007, McClain commenced the proceeding at bar with the assistance of counsel by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  Norris thereafter filed the pending motion to dismiss in which he maintained that McClain's petition is barred by limitations.  Norris specifically maintained that the petition is so barred because it was not filed within one year of the date McClain's conviction became final and because the limitations period was never tolled.  After briefly reviewing Norris' motion, the Court determined that McClain should be notified of the ground for dismissal advanced by Norris.  McClain was so notified and invited to submit a response to the motion.  He accepted the invitation and submitted a response in which he maintained, <u>inter alia</u>, that the limitations period was tolled because of his good faith and diligence in pursuing state post-conviction relief.

---

[1] The state Supreme Court opined that "[t]he motion for reconsideration does not establish that there was any error in [the] opinion [dismissing McClain's appeal of his petition for post-conviction relief], and thus no ground for reconsideration of the pleadings."  <u>See</u> <u>McClain v. State</u>, 2006 WL 348346 at 1 (February 16, 2006).

-4-

28 U.S.C. 2244(d) establishes a one year period during which a state prisoner must commence a proceeding pursuant to 28 U.S.C. 2254.[2] If the prisoner fails to commence the proceeding within that year, it is forever barred. Applying the provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined above, it is clear that the applicable limitations period in this proceeding commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A). No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable. Given that finding, the Court turns to consider when McClain's conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review."

---

[2] 28 U.S.C. 2244(d)(1) provides that the one year limitations period commences from the latest of the following:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(2) provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

The state Supreme Court issued the mandate in McClain's direct appeal on March 29, 2005.  He could have petitioned the United States Supreme Court for a writ of certiorari beginning the next day, or on March 30, 2005.  United States Supreme Court Rule 13 provides that a petition is timely if filed within ninety days after the entry of the judgment in question, and he therefore had up to, and including, June 27, 2005, to file a timely petition.  When McClain did not file a petition within that period, his conviction became final for purposes of 28 U.S.C. 2244(d)(1)(A) on June 28, 2005.  See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (judgment becomes final under 2244(d)(1)(A) upon expiration of time for filing petition for writ of certiorari).  Because his conviction became final on June 28, 2005, he had one year from that date, or up to and including June 27, 2006, to commence a proceeding pursuant to 28 U.S.C. 2254.

McClain commenced the proceeding at bar on January 19, 2007, or well past the expiration of the one year period that concluded on June 27, 2006.  28 U.S.C. 2244(d)(2) provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending shall not be counted toward any period of limitation …"  Even were the Court to assume that McClain's state petition for post-conviction relief was pending from March 28, 2005–the day it was filed–through February 16, 2006–the day the motion for reconsideration was denied–the insurmountable hurdle for McClain is that his petition was never "properly filed."

In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the United States Supreme Court addressed whether a state petition for post-conviction relief rejected by the state courts as untimely is nevertheless "properly filed." The Supreme Court held that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [28 U.S.C.] 2244(d)(2)." See Id. at 414.

It appears that the trial court addressed the merits of McClain's state petition for post-conviction relief before dismissing it. The state Supreme Court never reached the merits of his subsequent appeal but instead dismissed the appeal because the trial court did not have jurisdiction to consider the petition. The trial court did not have jurisdiction because the petition was filed before the mandate was issued.

Applying the teachings of Pace v. DiGuglielmo, the Court finds that McClain's state petition for post-conviction relief was not "properly filed" because it was not filed in a timely manner. Admittedly, this proceeding is unusual in that it presents a situation of a state petition for post-conviction relief being filed too soon, not too late. Nevertheless, as Pace v. DiGuglielmo makes clear, "time limits, no matter their form, are 'filing' conditions." See Id. at 417. Because McClain's state petition for post-conviction relief was not "properly filed," it did not toll the one year limitations period.[3]

---

[3] The Court acknowledges that this result is rather harsh. It is not as if McClain slept on his right to file a state petition for post-conviction relief. Rather, he filed his petition too early and did not learn of his error until the state Supreme Court dismissed his appeal. Nevertheless, the application of state procedural rules is a matter for the state courts.

The Court finds that McClain's conviction became final on June 28, 2005, and he had one year from that date, or up to, and including, June 27, 2006, to commence a proceeding pursuant to 28 U.S.C. 2254.  Clearly, he commenced this proceeding outside that period.  Norris' motion to dismiss should be granted, and this proceeding dismissed, unless McClain can show some other justification for tolling the limitations period.  See Kreutzer v. Bowersox, 231 F.3d 460 (8th Cir. 2000), cert. denied, 519 U.S. 1083 (2001) (limitations period subject to equitable tolling if extraordinary circumstances exist).

The Court has carefully examined McClain's submissions, particularly his response to Norris' motion to dismiss.  The Court can find nothing in those submissions to justify tolling the limitations period.  There is no question but that McClain acted in good faith and was diligent in pursuing state post-conviction relief.  Although the Court understands his frustration at apparently not knowing his state petition for post-conviction relief was premature until the state Supreme Court dismissed his appeal, that fact is not an extraordinary circumstance justifying the tolling of the limitations period.  It cannot be said that the circumstances giving rise to the result in this proceeding were beyond McClain's control or that Norris' conduct somehow lulled McClain into inaction.  See Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001).  It is also worth noting that McClain had from February 16, 2006–the day his motion for reconsideration was denied–through June 27, 2006, or approximately four months, to file a timely petition pursuant to 28 U.S.C. 2254.  Sadly, he did nothing.

In summary, the undersigned finds that McClain commenced this proceeding outside the limitations period established by 28 U.S.C. 2244(d). For that reason, the undersigned recommends that Norris' motion to dismiss be granted and this proceeding be dismissed with prejudice. Judgment should be entered for Norris.

DATED this __12___ day of July, 2007.

*H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE